UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRIGID A. FORD, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) Cause No. 1:15-cv-1989-WTL-DML |
| | ) |
| MARION COUNTY SHERIFF'S DEPARTMENT, | ) |
| | ) |
|   Defendant. | ) |

## ENTRY RESOLVING EXHIBIT OBJECTIONS

The parties have filed their exhibit objections and their responses thereto and have provided the exhibits in question to the Court for review. The Court, being duly advised, now resolves the objections as follows.

### The Plaintiff's Objections to Exhibits the Defendant Wishes to Offer[1]

One of the two remaining claims in this case is the Plaintiff's claim that two of her co-workers, Carol Ladd and Eva Watts, with whom she worked from roughly October 2013 through December 2013, subjected her to a hostile work environment because of her disability. The

---

[1]Many of the exhibits at issue were originally listed on the Plaintiff's exhibit list; the Plaintiff has removed them from her list and now objects to the Defendant offering them. Conversely, the Defendant now seeks to offer—over the Plaintiff's objection—exhibits to which it objected, at least in part, when they were included on the Plaintiff's exhibit list. In the remainder of this Entry, the Court will refer to the exhibits to which the Plaintiff now objects as the Defendant's Exhibits and vice versa, regardless of which party originally listed the exhibit in question. Also, some documents are included in more than one exhibit; for example, some of the Plaintiff's exhibits consist of several documents, some or all of which are contained as separately numbered exhibits on the Defendant's exhibit list. Obviously, even if this Entry lists only one of the applicable exhibit numbers, the ruling applies equally to the documents if they are also contained in a different exhibit. At trial, counsel shall refer to each exhibit simply by its exhibit number, without referring to either party.

Plaintiff objects to exhibits that relate to discipline the Plaintiff received that did not relate to the time she worked with Ladd and/or Watts and conflicts she had with co-workers other than Ladd and Watts, arguing that those exhibits constitute propensity evidence that is inadmissible pursuant to Federal Rule of Civil Procedure 404. The exhibits in those categories are: 30-35, 52, 58, 59, 62, 207 (which includes 2010, 2013-19, and 2048), 214-16, 247-49, 251, 284, 286-87, 291, 298, 2003-09, and 2011-12.[2]

Rule 404(a) provides that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Rule 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The exhibits in question clearly implicate this rule; they are evidence of actions taken by the Plaintiff (the actions that led to her being disciplined or to her co-workers lodging complaints against her) that the Defendant wishes to introduce to show that she had a particular character trait, that is, that she had difficulty getting along with people at work. The Defendant argues that the exhibits are nonetheless admissible pursuant to Rule 404(b)(2), which provides that the type of evidence generally excluded by Rule 404(b)(1) "may

---

[2]The Plaintiff also objects to Exhibits 76, 116, 217, and 300 as being "outside of the relevant time period defined by this Court." Dkt. No. 206 at 2. Those exhibits are listed on the Plaintiff's most recent exhibit list, *see* Dkt. No. 201, and also are objected to by the Defendant, *see* Dkt. No. 200. The objections are accordingly **SUSTAINED**. The Court assumes that the Plaintiff also does not intend to offer Exhibit 299, which appears to be related to Exhibit 300; accordingly, the Defendant's objection to Exhibit 299 is **SUSTAINED**. Finally, the Plaintiff has withdrawn Exhibits 3, 24, 53, 65, 71, 74, 75, 77, 265-74, and 1001, so the Defendant's objections to those exhibits are **SUSTAINED**. The Court notes that the Plaintiff states that she withdrew Exhibit 65 in January 2018, *see* Dkt. No. 206 at 2, but she lists it on her latest exhibit list. If, in fact, she wishes to offer this exhibit, she shall use the Bates stamped version of it.

be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident":

> However, the discipline Plaintiff received before May 2013 and post-Ladd and Watts is relevant to this matter because it goes to the motivation and intent behind Ladd's and Watt's [sic] actions. *See* FED R. EVID. 404(b). The various exhibits indicating that Plaintiff had issues getting along with other coworkers besides Ladd and Watts support MCSO's theory that Plaintiff engaged in clashes with coworkers and upset her coworkers. This evidence is critical to MCSO's case because it shows that the motivation and intent behind Ladd's and Watt's [sic] interactions with Plaintiff were not due to Plaintiff's disability.

Dkt. No. 205 at 2-3. This argument skips a logical step, however. In order for a clash with another co-worker or a supervisor to serve as evidence of Ladd's and Watts's motive and intent, it must first serve as evidence that the fact that the other clash occurred—that the Plaintiff was "difficult" on another occasion—shows that the Plaintiff was "difficult" with Ladd and Watts as well.[3] That is what Rule 404(b) prohibits. As the Seventh Circuit very recently explained:

> to overcome an opponent's objection to the introduction of other-act evidence, the proponent of the evidence must first establish that the other act is relevant to a specific purpose other than the person's character or propensity to behave in a certain way. *See* Fed. R. Evid. 401, 402, 404(b). Other-act evidence need not be excluded whenever a propensity inference can be drawn. *But its relevance to "another purpose" must be established through a chain of reasoning that does not rely on the forbidden inference that the person has a certain character and acted in accordance with that character on the occasion charged in the case.* If the proponent can make this initial showing, the district court must in every case assess whether the probative value of the other-act evidence is substantially outweighed by the risk of unfair prejudice and may exclude the evidence under Rule 403 if the risk is too great. The court's Rule 403 balancing should take account of the extent to which the non-propensity fact for which the evidence is offered actually is at issue in the case.

---

[3]Indeed, admission of these exhibits almost certainly would lead to the Plaintiff offering evidence to show her version of the events described therein and evidence regarding the cause of any conflicts she had with others, thus "risk[ing] creating a sideshow and sending the trial off track." *Duran v. Town of Cicero, Ill.*, 653 F.3d 632, 645 (7th Cir. 2011). Thus even if the exhibits were relevant as evidence relating to motive or intention, the Court would exclude them pursuant to Rule 403.

*Burton v. City of Zion*, \_\_\_ F.3d \_\_\_, 2018 WL 4039036, at *4 (7th Cir. Aug. 24, 2018) (citing *United States v. Gomez*, 763 F.3d 845, 853 (7th Cir. 2014)). Absent any evidence that an event to which a particular exhibit relates informed Ladd's or Watts's opinion of the Plaintiff and therefore explained their behavior toward her, which is unlikely given that most of the events occurred after they worked with the Plaintiff, the exhibits are not admissible and the Plaintiff's objection to them is **SUSTAINED**. That said, this ruling of course does not limit any evidence that directly relates to Ladd's and/or Watts's experience with or knowledge of the Plaintiff before or during the relevant time period. In addition, the Plaintiff is admonished that the applicable rules of evidence work both ways, and she should not attempt to offer evidence about her general ability to work well with others or her job performance outside of the relevant time period, nor should those topics be mentioned in opening statement. If the Defendant believes that the Plaintiff opens the door to these topics during the trial, counsel may raise that issue with the Court outside of the presence of the jury, and the Court's ruling regarding the admissibility of these exhibits may be revisited.

For the remainder of her exhibit objections, the Plaintiff has offered summary objections—simply referencing by number various rules of evidence on a table—to many of the exhibits the Defendant wishes to offer at trial. The Plaintiff's summary objections to the following exhibits are **OVERRULED**: Exhibit 66/2020 (including the objection to the Defendant's redactions); Exhibit 2000 (assuming a proper foundation is laid); Exhibit 2036;[4] and the Defendant's redactions to Exhibit 2063 (included in Exhibit 79).[5]

---

[4] The Plaintiff's objection to Exhibit 122, which includes Exhibit 2036 but also includes additional, irrelevant information, is **SUSTAINED**.

[5] The Defendant may choose not to make its proposed redactions, to which the Plaintiff objects, in the first paragraph of Exhibit 2063 in light of the Court's ruling below with regard to the mention of the Plaintiff's medication in Exhibit 2061.

With regard to Exhibits 2039-47 and 2049-54, the Plaintiff's relevancy objections are **SUSTAINED**. These exhibits relate to disciplinary actions taken against Ladd and Watts unrelated to the Plaintiff. The Defendant argues that they are relevant because they support "the proposition that MCSO disciplined Ladd [and Watts] for violations of MCSO policy, which supports MCSO's theory that had Ladd [or Watts] violated MCSO policy while assigned to visitation, MCSO would have disciplined her." Dkt. 205-1 at 11, 13. That argument is without merit. The issue in this trial is not how the Defendant chose to discipline its employees, but whether it fulfilled certain obligations under the ADA with regard to the Plaintiff.

With regard to the Plaintiff's relevancy objection to Exhibit 2056, the Defendant argues that the exhibit

> is relevant because it is an email between Walterman and Grider dated February 4, 2014, which when [sic] Walterman supervised Plaintiff, Ladd, and Watts in visitation. Walterman and Grider will testify that the two were setting up a meeting to discuss the issues in visitation between Plaintiff, Ladd, and Watts. Thus, Exhibit 2056 is relevant to Plaintiff's hostile work environment claims as to Ladd and Watts.

Dkt. No. 205-1 at 20. The fact that the meeting occurred is certainly relevant, but it is wholly unnecessary to introduce an exhibit that shows that the meeting was initiated and arranged via an email. This exhibit offers nothing of relevance; the Plaintiff's objection to it is **SUSTAINED**.

There are numerous exhibits that consist of medical records in which the Defendant has redacted all mention of the Plaintiff's accident. While the Court has granted a motion in limine relating to that issue, the Court finds that the redactions in question are not necessary. It is not prejudicial for the jury to see dispassionate mentions of the cause of her disability in her medical records, but it might be confusing for the jury to see seemingly random redactions in medical records. The motion in limine ruling was meant to eliminate the prejudice to the Defendant that would arise if the fact that the Plaintiff was injured in the line of duty as a law enforcement

officer was emphasized by the Plaintiff in order to garner sympathy from the jury when that fact is not relevant to the Plaintiff's claims. The Plaintiff's objections to redactions that involve only mention of the accident are **SUSTAINED**. This includes Exhibits 255, 256, 259, and 2088-92,[6] as well as NP-SOUTHEAST_014 (part of Exhibit 258 and 2089). That said, the Court urges the parties to carefully consider the extent to which either party needs to admit the Plaintiff's medical records. While they are admissible, presumably they will in large part be cumulative of the medical providers' testimony at trial. The Court will instruct the jury that the law does not require any party to present as exhibits all papers and things mentioned during the trial, and counsel would do well to consider the fact that it is prudent not to overload the jury with unnecessary exhibits.

With regard to Exhibit 2061 (contained in Exhibit 79), the Plaintiff objects to the Defendant's redactions. The Court finds that most of the redactions proposed by the Defendant are unnecessary; the jury will know about the Plaintiff's accident, and the fact that the Plaintiff could not take her medication at work is mentioned in the exhibit not as a failure to accommodate, but just as a fact, and that fact is relevant to her need for a set schedule. That said, the Plaintiff may not be asked about or offer testimony that the Defendant failed to accommodate any request she made regarding her medication. The following shall be redacted[7] from Exhibit 2061 so that accommodations not at issue in this case and the issue of retaliation are not interjected into the trial, thus confusing the jury: (1) the sentence in the first paragraph

---

[6]In Exhibits 2088 and 2089, the entire sentence "Her colonoscopy got rescheduled for 1/2015 due to her husband having is surgery [sic]" should be redacted, as it is irrelevant.

[7]The Plaintiff has given the Court copies of exhibits that have been highlighted to show which redactions the Plaintiff objects to. Except as otherwise noted in this Entry, the Court has addressed only those highlighted redactions, and all other proposed redactions shall remain in the exhibits used at trial. If the Plaintiff has not provided the highlighted versions of the exhibits to the Defendant, she shall do so immediately.

beginning "When I came back to work . . ."; (2) the sentence in the first paragraph beginning "Those accommodations . . ."; (3) in the fourth paragraph, the sentence beginning "Further, I believe that my schedule . . . "; and (4) in the fourth paragraph, the sentence "I believe that I am being punished for complaining."

With regard to Exhibits 2064-70, 2072, 2074-75, the Plaintiff's objections are **OVERRULED**, except to the extent that mentions of the Plaintiff's accident have been redacted. The Court does not see any basis for the Plaintiff's summary objections to these exhibits, all of which consist of the Plaintiff's medical records. Neither party provided Exhibit 2073 to the Court, so the Plaintiff's objection to that exhibit is **taken under advisement**. The Court reiterates that it is not clear why it will be necessary to offer any of these exhibits at trial.

Exhibits 2078-91 consist of medical records from the Plaintiff's primary care physician, Dr. Jason Rieser. Again, most of these records seem redundant, and some are not particularly relevant, but the Plaintiff's objections are based on hearsay and Rules 403 and 404, and those summary objections are **OVERRULED**. The various redactions by the Defendant generally are appropriate, with the exception of mentions of the accident. To minimize the jury's confusion, the Defendant shall redact the entire "Cough" section in Exhibit 2090, as well as the entire paragraph that begins "She feels sick at work many times" on the previous page; the entire "Cough" section also should be redacted from Exhibit 2091.

With regard to Exhibits 2092, 2094, and 2095, the Plaintiff gives no basis for her objections, but simply notes that she stipulates with regard to the exhibits' authenticity only, "subject to appropriate redactions." Other than the redactions relating to the accident, the Court finds the Defendant's redactions to be appropriate. To minimize jury confusion, in Exhibit 2095

the Defendant shall redact the first three sentences of the second paragraph, but should not redact "this getting resolved" and "resolution."

Finally, Exhibits 67, 288, and 2076 relate to the fitness for duty evaluation that the Plaintiff underwent in May 2013. The Defendant argues that these exhibits are relevant because the examination "confirmed Plaintiff was unable to perform the essential functions of her position." Dkt. No. 205-1 at 40, 46. However, there is no dispute that the Plaintiff was not able to perform the essential functions of her job as a law enforcement officer, and in any event the specifics of how and why the Plaintiff ended up in the visitation position are not relevant to the claims or defenses in this case. Accordingly, the Defendant has not articulated how these exhibits are relevant, and the Plaintiff's objections to them are **SUSTAINED**.

### The Defendant's Objections to Exhibits the Plaintiff Wishes to Offer

The Defendant objects to Plaintiff's Exhibit 4, which consists of documents setting forth the jail's policies and procedures with regard to disabled inmates and visits to inmates, on relevancy grounds. With regard to the jail's policy with regard to disabled inmates, the Plaintiff argues that

> MCSD has asserted that Ms. Ford's proposed accommodation was an undue hardship, but this policy discusses what MCSD is able to provide to inmates, who are subject to the same budget as employees at MCSD. This policy thus relates to the financial resources of MCSD as well as the impact the requested accommodation would have on MCSD's operation and speaks to MCSD's defense of undue hardship is irrelevant to the issues in this case.

Dkt. No. 206 at 3. This argument is without merit. Nothing in the document would assist the jury in any way in determining whether the accommodation requested by the Plaintiff was an undue hardship on the Defendant. The objection is **SUSTAINED**. With regard to the visitation procedures document, the Plaintiff argues that it is relevant to the issue of whether she was qualified to perform her job in visitation. However, the document does not directly relate to the

8

Plaintiff's job duties. If the Plaintiff believes that the testimony or other evidence admitted at trial makes something in the visitation policies relevant to some disputed issue, she may offer that portion of Exhibit 4; otherwise, the relevancy objection is **SUSTAINED**.

Next, the Defendant objects to Exhibits 7 and 232, which consist of a letter informing the Plaintiff that she was being placed on administrative leave with pay following her accident pending a fitness for duty exam and a form effectuating the leave, and Exhibit 12, which is a letter informing the Plaintiff that the Defendant determined her accident to be nonpreventable. The Plaintiff argues that these documents should be admitted because they provide useful background information, they are not prejudicial to the Defendant, and "[t]he jury may not correctly weigh Ms. Ford's testimony alone without documentary support that she was not at fault, which would unfairly and unnecessarily prejudice Ms. Ford." Dkt. No. 206 at 4-5. In light of the fact that there is no dispute regarding whether the Plaintiff was at fault for the accident, there will be nothing for the jury to weigh the Plaintiff's testimony against. In any event, whether she was at fault is completely irrelevant to her claims under the ADA. The Court has ruled that the Plaintiff may mention the fact in her testimony to provide the context in which her disability arose. This is sufficient to avoid any improper speculation by the jury regarding whether the Plaintiff is at fault for the injuries that led to her disability. Permitting the admission of documents with regard to this issue would not add anything to the Plaintiff's uncontradicted testimony on this peripheral issue and therefore would be cumulative. The objections to Exhibits 7, 12, and 232 are **SUSTAINED**.

The Defendant next objects to Exhibits 17-23, 25-27, 107, 208, 231, 246, and 263. These documents relate to the interactive process engaged in between the Plaintiff and the Defendant between June 2013 and October 2013 which resulted in her accepting the visitation position with

9

certain accommodations provided by the Defendant. The Court agrees with the Defendant that none of these documents are relevant to the issues remaining in this case. The Plaintiff argues that "these exhibits provide relevant background information and specifically provide information to fill a substantial time gap between the time Ms. Ford was injured and her assignment to the visitation clerk position. Without these exhibits, the jury may improperly assume that Ms. Ford was completely off work for over a year, which would lead to unnecessary prejudice against Ms. Ford and confusion by the jury." *Id.* at 5. It is not at all clear to the Court how the Plaintiff would be prejudiced if the jury mistakenly believed she was "completely off work for over a year" as a result of her accident, but in any event the Plaintiff may testify briefly about how long she was off work and what occurred during the months in question. The specific details of the back-and-forth between the parties during that time that are set forth in the exhibits are simply not relevant and would serve only to interject extraneous issues into the trial. Nor is the amount the Defendant paid for accommodations it provided the Plaintiff relevant to whether the accommodation at issue in this case would have been an undue hardship on the Defendant. The objections to Exhibits 17-23, 25-27, 107, 208, 231, 246, and 263 are **SUSTAINED**. The same goes for Exhibit 2055, which is on the Defendant's exhibit list. The Plaintiff objects only to the Defendant's proposed redactions of that exhibit, but the Court sees no reason why that exhibit should be offered at trial.

Exhibit 70 consists of what appears to be a slide presentation entitled Marion County Sheriff's Department, Title VII, Civil Rights Act of 1964. The Defendant argues that it is irrelevant and could confuse the jury; the Plaintiff argues in response:

> Both of these presentations are directly relevant to Ms. Ford's harassment claim. As part of her harassment claim, Ms. Ford must show that MCSD did not take reasonable steps to correct the harassing behavior of Ms. Ladd and Ms. Watts or prohibit the harassment from recurring. (7th Circuit Pattern Civil Jury Instruction

10

> No. 3.04). The existence of a harassment policy and MCSD's knowledge of the
> ADA will be factors in considering whether MCSD took reasonable steps to correct
> or prohibit Ms. Ladd's and Ms. Watts's harassing behavior. These policies also
> relate to whether MCSD knew or should have known about the behavior of
> MCSD's employees.

Dkt. No. 206 at 8. The Court finds that the information contained on these slides, in a vacuum, is not relevant to the issue of whether the Defendant violated the ADA. The slides themselves do not appear to represent the Defendant's policy; rather, they appear to have been used as part of a presentation of information. However, the Court has no way of knowing when and to whom that presentation was given or what additional information was provided within the presentation. Absent a proper foundation, Exhibit 70 will not be admitted.

The Defendant's objection to Exhibit 206 is taken under advisement; the salary of Watts after she was transferred may be relevant if evidence is introduced that the transfer occurred for disciplinary reasons.

Exhibit 235 consists of a letter of caution issued to Walterman dated April 17, 2015. On its face, this document will not tell the jury anything relevant. If, in fact, it relates to Walterman's treatment of Ford's claims of harassment by Watts and Ladd, the Plaintiff can question Walterman about it, but it is not clear to the Court what admitting the exhibit would add.

The parties' positions with regard to Exhibits 258 and 1004 are somewhat confusing. The Plaintiff lists these exhibits on her own exhibit list, but objects to many of the same documents when they appear on the Defendant's exhibit list. Defendant objects to those portions of Exhibits 258 and 1004 that the Plaintiff intends to use only to the extent that the Defendant believes certain information should be redacted. The Plaintiff objects to some of the proposed redactions. With regard to Exhibit 258:

- In NP-SOUTHEAST_032, there is no need to redact "They did try to make adjustments for her."

- In NP-SOUTHEAST_034 (contained in both Exhibit 2081 and 2082), everything in the "Follow-up" paragraph after "8 weeks" should be redacted.

- In NP-SOUTHEAST_038 (contained in Exhibit 2080), there is no need to redact "they put her off work 5/13."

- In NP-SOUTHEAST_039 (contained in Exhibit 2080), no redactions are needed.

- In NP_RIESER_0010, the "Screening" and "Seasonal allergies" sections should be redacted (it does not appear that there is a dispute regarding those redactions), and "She is filing federal lawsuit against her employer for hostile work environment and discrimination. Court date will be 10/2017" should be redacted from both places that it appears.

With regard to Exhibit 1004, the Court finds all of the Defendant's redactions to be appropriate except for those that simply mention the accident.

Exhibits 282 and 283 consist of certificates awarded to Eva Talley-Sanders and Angela Grider for various training and education. With regard to these two exhibits, the Plaintiff argues

> both of these presentations are directly relevant to Ms. Ford's harassment claim. As part of her harassment claim, Ms. Ford must show that MCSD did not take reasonable steps to correct the harassing behavior of Ms. Ladd and Ms. Watts or prohibit the harassment from recurring. (7th Circuit Pattern Civil Jury Instruction No. 3.04). The existence of a harassment policy and MCSD's knowledge of the ADA will be factors in considering whether MCSD took reasonable steps to correct or prohibit Ms. Ladd's and Ms. Watts's harassing behavior. These policies also relate to whether MCSD knew or should have known about the behavior of MCSD's employees.

Dkt. No. 206 at 12. This argument does not actually seem to relate to the exhibits in question. It appears to the Court that many of the documents contained in these exhibits are entirely

irrelevant to the issues in this case; for example, how is it relevant that Talley-Sanders "demonstrated competence in working with children three through five years old" in 1978, or that Grider completed Windows 95 training in 1998? To the extent that any of the documents might be relevant, this would seem to be another instance in which the exhibit does not add anything to testimony regarding the relevant event. Accordingly, the objections to Exhibits 282 and 283 are **SUSTAINED**.

Exhibit 308 consists of Marion County's budget for 2013. This exhibit is unlikely to provide any meaningful information to the jury; accordingly, the Defendant's objection on Rule 403 grounds is **SUSTAINED**. In the event that the Defendant's financial means to accommodate the Plaintiff's request for a fixed schedule is disputed at trial, the Plaintiff may question the appropriate witness(es) using information contained on this exhibit as appropriate.

Finally, the Plaintiff objects to the Defendant's proposed redactions to some of the Plaintiff's Exhibits, which the Court resolves as follows:

- With regard to Exhibit 37/2022, the objection to the redaction is **OVERRULED**;
- With regard to Exhibit 41/2038, the objection to the redaction is **OVERRULED**, and the redaction should also include "My requests were simple."
- With regard to Exhibit 233, the Defendant's objection is **OVERRULED**; there is no need to redact the Plaintiff's salary from the exhibit.

## Conclusion

The Court has endeavored to address each of the parties' exhibit objections, with the exception of that involving Exhibit 264, which will be addressed by separate entry. The parties shall promptly notify the Court if any exhibit was overlooked.

If the objection to an exhibit has been sustained in this Entry, it shall not be discussed or offered into evidence except outside the presence of the jury for the purpose of preserving the issue for appeal. To the extent that counsel wishes to make an offer to prove regarding an excluded exhibit for the record, he or she shall inform the Court of that fact outside of the presence of the jury before the relevant witness begins to testify.

SO ORDERED: 9/5/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification