**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BRIGID A. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Cause No. 1:15-cv-1989-WTL-DML** |
| | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

## FINAL INSTRUCTIONS

Final Instruction No. 1


Members of the jury, you have seen and heard all of the evidence and the arguments of counsel.  Now I will instruct you on the law.


You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.


Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.  Do not single out any certain sentence or any individual point or instruction and ignore the others.  You must consider all the instructions as a whole, and you are to regard each instruction in light of all the others.


Perform these duties fairly and impartially.


Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Final Instruction No. 2

You must perform your duty as jurors without bias, sympathy, or prejudice for or against either side and without regard to public opinion.  Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated in these instructions, and reach a just verdict, regardless of the consequences.

This case should be considered and decided by you as an action between parties of equal standing in the community and of equal worth.  The law does not favor one party over another. All parties, whether individuals or governmental entities, stand equal before the law and are to be dealt with as equals in a court of justice.

Final Instruction No. 3

As you know,  Plaintiff Brigid Ford alleges that the Defendant, the Marion County Sheriff's Department, violated the Americans with Disabilities Act, commonly referred to as the ADA, by failing to reasonably accommodate her disability and by harassing her based upon her disability.  The Marion County Sheriff's Department denies Ms. Ford's allegations, and also asserts that the fixed time schedule accommodation requested by Ms. Ford would create an undue hardship.

In a few minutes, I will give you instructions with the detailed legal rules to apply to the claims in this case.  Right now, however, I want to tell you about some general rules that apply to your deliberations about the evidence.

Final Instruction No. 4


The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.

Final Instruction No. 5

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Final Instruction No. 6

In determining whether any fact has been proven, you should consider all of the evidence bearing on the question regardless of who introduced it.

Final Instruction No. 7

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists.  In law we call this "inference."  A jury is allowed to make reasonable inferences.  Any inference you make must be reasonable and must be based on the evidence in the case.

Final Instruction No. 8


As I explained in the preliminary instructions that I read at the beginning of this trial,

there are two types of evidence:  direct and circumstantial.  Direct evidence is proof that does not

require an inference, such as the testimony of someone who claims to have personal knowledge

of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that

some other fact is true.


As an example, direct evidence that it is raining is testimony from a witness who says, "I

was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the

observation of someone entering a room carrying a wet umbrella.


The law makes no distinction between the weight to be given to either direct or

circumstantial evidence.  You should decide how much weight to give to any evidence.  In

reaching your verdict, you should consider all the evidence in the case, including the

circumstantial evidence.

Final Instruction No. 9

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

10

Final Instruction No. 10

It is proper for a lawyer to meet with any witness in preparation for trial.

Final Instruction No. 11

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial.  Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Final Instruction No. 12

During the trial, certain testimony was presented to you by video.  You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Final Instruction No. 13

You have heard a witness give opinions about matters requiring special knowledge or skill.  You should judge this testimony in the same way that you judge the testimony of any other witness.  The fact that such person has given an opinion does not mean that you are required to accept it.  Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Final Instruction No. 14

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Final Instruction No. 15

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," this is what I mean:  When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

The test for "preponderance of the evidence" is not which side brings the greater number of witnesses or presents the greater quantity of evidence.  You may find that the testimony of a few witnesses or just one witness about a particular fact or issue is more credible than the testimony of a larger number of witnesses who testified differently.  Your job is to consider the testimony of each witness, and to decide which witnesses and which evidence seem to you to be most accurate and trustworthy.

Final Instruction No. 16


I will now give you the law that applies to the specific issues in this case.

Final Instruction No. 17

The ADA requires an employer to make reasonable accommodations for a qualified employee with a disability.  The Plaintiff alleges that the Defendant violated the ADA by refusing to accommodate her request to continue to work a fixed schedule.  I will refer to this as the Plaintiff's failure to accommodate claim.

To succeed on her failure to accommodate claim, the Plaintiff must prove the following by a preponderance of the evidence:

1. The Plaintiff had a disability;

2. The Plaintiff was qualified to perform her job;

3. The Plaintiff requested an accommodation;

4. The Defendant was aware of the Plaintiff's disability at the time of the Plaintiff's request; and

5. The Defendant failed to provide the Plaintiff with a reasonable accommodation.

It is undisputed that the Plaintiff had a disability and that the Defendant was aware of the disability at all relevant times.

If you find that the Plaintiff has failed to prove any of these things by a preponderance of the evidence, then your verdict should be for the Defendant on the Plaintiff's failure to accommodate claim.  If you find that the Plaintiff has proven each of these things by a preponderance of the evidence, then you must consider the Defendant's undue hardship defense, which is discussed in more detail in a later instruction.

I will define some of the terms used in this instruction in the following instructions.

18

Final Instruction No. 18

Under the ADA, to accommodate a disability is to make some change that will let a person with a disability perform her job.  An accommodation is reasonable if it is effective and its costs are not clearly disproportionate to the benefits that it will produce.

A reasonable accommodation may include a change in such things as ordinary work rules, facilities, conditions, or schedules, but does not include elimination or change of essential job functions, assignment of essential job functions to other employees, or lower productivity standards.

Essential functions are a job's fundamental duties.  In deciding whether a function is essential, you may consider the reasons the job exists, the number of employees the Defendant has to do that kind of work, the degree of specialization the job requires, the Defendant's judgment about what is required, the consequences of not requiring an employee to satisfy that function, and the work experience of others who held the position.

Final Instruction No. 19


Once an employer is aware of an employee's disability and an accommodation has been requested, or the need for an accommodation is apparent, the employer must discuss with the employee or, if necessary, with her doctor, whether there is a reasonable accommodation that will allow or assist her to perform the essential functions of her job.  Both the employer and the employee must cooperate in this interactive process in good faith.


Neither party can win this case simply because the other did not cooperate in this process; in other words, there is no separate claim for failing to cooperate in the interactive process in good faith.  However, you may consider whether a party cooperated in this process when deciding whether a reasonable accommodation should have been provided.

Final Instruction No. 20

The ADA does not entitle a disabled employee to the accommodation of her choice. Rather, the law entitles her to a reasonable accommodation in view of her disability and her employer's needs.

Final Instruction No. 21

In an earlier instruction I mentioned the Defendant's undue hardship defense.  I will now give you the law that applies to that defense.

Under the ADA, an employer does not need to accommodate an employee with a disability if it would cause an "undue hardship" to its business.  An "undue hardship" is something too costly or something that is so disruptive that it would fundamentally change the nature of the employer's business or how the employer runs its business.

To succeed on its defense, the Defendant must prove to you by a preponderance of the evidence that providing the Plaintiff with the accommodation of a fixed work schedule would have been an "undue hardship."  In deciding this issue, you should consider the following factors:

1.  The nature and cost of the accommodation;

2.  The Defendant's overall financial resources.  This might include the size of its business, the number of people it employs, and the types of facilities it runs;

3.  The financial resources of the facility where the accommodation would be made. This might include the number of people who work there and the impact that the accommodation would have on its operation and costs; and

4.  The way the Defendant conducts its operations.  This might include its workforce structure, the location of its facility where the accommodation would be made compared to the Defendant's other facilities, and the relationship between these facilities.

Final Instruction No. 22

You should consider the Defendant's undue hardship defense only if you find that the Plaintiff has proven each element of her failure to accommodate claim by a preponderance of the evidence.

If you find that the Defendant has proven its undue hardship defense by a preponderance of the evidence, your verdict should be for the Defendant on the Plaintiff's failure to accommodate claim.  If you find that the Defendant has not proven this defense by a preponderance of the evidence, and you find that the Plaintiff has proven each element of her failure to accommodate claim by a preponderance of the evidence, you should find in favor of the Plaintiff on her failure to accommodate claim.

Final Instruction No. 23

In addition to her failure to accommodate claim, the Plaintiff also claims that she was harassed by her co-workers, Carol Ladd and Eva Watts, because of her disability.  I will refer to this as the Plaintiff's harassment claim.

To succeed on this claim, the Plaintiff must prove the following by a preponderance of the evidence:

1.  The Plaintiff was subjected to negative comments and behavior by Ladd and Watts;

2.  This conduct was unwelcome;

3.  The conduct occurred because of the Plaintiff's disability;

4.  The conduct was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile or abusive;

5.  At the time the conduct occurred, the Plaintiff believed that the conduct made her work environment hostile or abusive;

6.  The Defendant knew or should have known about the conduct; and

7.  The Defendant did not take reasonable steps to remedy the situation.

If you find that the Plaintiff has proven each of these things by a preponderance of the evidence, then you must find for the Plaintiff on her harassment claim.  However, if the Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for the Defendant on the Plaintiff's harassment claim.

24

Final Instruction No. 24

To decide whether a reasonable person would find the Plaintiff's work environment hostile or abusive, you must look at all the circumstances. These circumstances may include the frequency of the conduct; its severity; its duration; whether it was physically threatening or humiliating; and whether it unreasonably interfered with the plaintiff's work performance. No single factor is required in order to find a work environment hostile or abusive.

Conduct that amounts to what has been called the ordinary tribulations of the workplace, such as occasional horseplay, sporadic or occasional use of abusive language, disability-related jokes, and occasional teasing, does not constitute an abusive or hostile environment. You should consider all of the circumstances and the social context in which the conduct occurred. Only conduct amounting to a material change in the terms and conditions of employment amounts to an abusive or hostile environment.

25

Final Instruction No. 25


If you find in favor of the Plaintiff on her failure to accommodate claim, her harassment claim, or both, you must determine what amount of damages, if any, the Plaintiff is entitled to recover.  The Plaintiff must prove her damages by a preponderance of the evidence.


If you find in favor of the Defendant on the Plaintiff's failure to accommodate claim, you will not consider the question of damages with regard to that claim.  Similarly, if you find in favor of the Defendant on the Plaintiff's harassment claim, you will not consider damages with regard to that claim.

Final Instruction No. 26


You may award damages only for injuries that the Plaintiff has proven by a preponderance of the evidence were caused by the Defendant's wrongful conduct.


Your award must be based on evidence and not speculation or guesswork.  This does not mean, however, that damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.


In calculating any damages award, you should consider the physical, mental, and emotional pain and suffering that the Plaintiff has experienced and is reasonably certain to experience in the future.  No evidence of the dollar value of these damages has been or needs to be introduced.  There is no exact standard for setting the damages to be awarded on account of pain and suffering.  You are to determine an amount that will fairly compensate the Plaintiff for the injury she has sustained.

Final Instruction No. 27


Upon retiring to the jury room, you must select one of you to serve as the foreperson of the jury.  The foreperson will preside over your deliberations and will be your representative here in court.


Verdict forms have been prepared for you, which I will read to you now.


When you have reached unanimous agreement on the verdict, your foreperson will complete, date, and sign the appropriate forms.

Final Instruction No. 28

Your verdict must represent the considered judgment of each juror and must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Final Instruction No. 29


I do not anticipate that you will need to communicate with me.  If you do need to communicate with me, the only proper way is in writing.  The writing must be signed by the jury foreperson, or, if he or she is unwilling to do so, by some other juror.  The writing should be given to Ms. Chittenden, who will give it to me.  I will respond either in writing or by having you return to the courtroom so that I can respond orally.

**<u>Special Verdict Form</u>**

<u>Failure to Accommodate Claim</u>

1. Did the Plaintiff prove by a preponderance of the evidence that the fixed schedule requested by the Plaintiff was a reasonable accommodation as defined in these instructions?

Answer Yes or No:   _____

*(If you answered "Yes," answer Question 2. If you answered "No," complete Verdict Form A-2 and skip to Question 4.)*

2. Did the Defendant prove by a preponderance of the evidence that giving the Plaintiff a fixed schedule would have been an undue hardship on the Defendant as defined in these instructions?

Answer Yes or No:   _____

*(If you answered "Yes," complete Verdict Form A-2 and skip to Question 4. If you answered "No," answer Question 3.)*

3. What amount of damages, if any, do you find will fairly compensate the Plaintiff for the Defendant's failure to provide her with the reasonable accommodation of a fixed schedule?

$ _____

*(Enter this amount in Verdict Form A-1, which must be signed and dated by the foreperson. Then continue to Question 4.)*

<u>Harassment Claim</u>

4. Did the Plaintiff prove by a preponderance of the evidence that she was subjected to negative comments and behavior by Ladd and Watts?

Answer Yes or No:   _____

*(If you answered "Yes," answer Question 5. If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

5. Did the Plaintiff prove by a preponderance of the evidence that this conduct by Ladd and Watts was unwelcome?

Answer Yes or No:  _____

*(If you answered "Yes," answer Question 6.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

6. Did the Plaintiff prove by a preponderance of the evidence that the unwelcome conduct by Ladd and Watts occurred because of the Plaintiff's disability?

Answer Yes or No:  _____

*(If you answered "Yes," then answer Question 7.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

7. Did the Plaintiff prove by a preponderance of the evidence that the unwelcome conduct by Ladd and Watts was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile or abusive?

Answer Yes or No:  _____

*(If you answered "Yes," then answer Question 8.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

8. Did the Plaintiff prove by a preponderance of the evidence that at the time the unwelcome conduct occurred, the Plaintiff believed that the conduct made her work environment hostile or abusive?

Answer Yes or No:  _____

*(If you answered "Yes," then answer Question 9.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

9. Did the Plaintiff prove by a preponderance of the evidence that the Defendant knew or should have known about the conduct?

Answer Yes or No:  _____

*(If you answered "Yes," then answer Question 10.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

32

10. Did the Plaintiff prove by a preponderance of the evidence that the Defendant did not take reasonable steps to remedy the situation?

Answer Yes or No:  _____

*(If you answered "Yes," then answer Question 11.  If you answered "No," complete Verdict Form B-2; your deliberations are complete.)*

11. What amount of damages, if any, do you find will fairly compensate the Plaintiff for her emotional pain and mental anguish as a result of the harassment she experienced because of her disability?

$_____

*(Enter this amount in Verdict Form B-1, which must be signed and dated by the foreperson. Your deliberations are complete.)*

33

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BRIGID A. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Cause No. 1:15-cv-1989-WTL-DML** |
| | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

## VERDICT FORM A-1

With regard to the Plaintiff's failure to accommodate claim, we, the jury, find in favor of the Plaintiff, Brigid A. Ford, and against the Defendant, the Marion County Sheriff's Department, and award the Plaintiff damages in the amount of $_____.


_____          _____
Jury Foreperson                                              Date

34

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BRIGID A. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) **Cause No. 1:15-cv-1989-WTL-DML** |
| | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>VERDICT FORM A-2</u>**


With regard to the Plaintiff's failure to accommodate claim, we, the jury, find in favor of

the Defendant, the Marion County Sheriff's Department, and against the Plaintiff, Brigid A.

Ford.




_____          _____

Jury Foreperson                                                                        Date

35

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BRIGID A. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Cause No. 1:15-cv-1989-WTL-DML** |
| | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

**<u>VERDICT FORM B-1</u>**

      With regard to the Plaintiff's harassment claim, we, the jury, find in favor of the Plaintiff,

Brigid A. Ford, and against the Defendant, the Marion County Sheriff's Department, and award

the Plaintiff damages in the amount of $_____.

_____          _____

Jury Foreperson                                                              Date

36

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **BRIGID A. FORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Cause No. 1:15-cv-1989-WTL-DML** |
| | ) |
| **MARION COUNTY SHERIFF'S** | ) |
| **DEPARTMENT,** | ) |
| | ) |
| **Defendant.** | ) |

## VERDICT FORM B-2

With regard to the Plaintiff's harassment claim, we, the jury, find in favor of the

Defendant, the Marion County Sheriff's Department, and against the Plaintiff, Brigid A. Ford.

_____        _____

Jury Foreperson                                                    Date

37